MORRIS SEGLER, Respondent, *v.* HARRIS BERNSTEIN, Appellant.

*Contract for services to be paid for by a percentage on the business — reports to mer-
cantile agencies — when insufficient to afford a basis for a recovery thereon — com-
petency, to show that an oral agreement for a year's service was not made, of proof
that the servant was attempting to start in business for himself.*

In an action upon a written contract, by which the defendant employed the
plaintiff from May 11, 1896, to May 11, 1897, and agreed to pay the plaintiff, in
addition to a salary, a two per cent commission on fall and winter goods above
the amount of $60,000 which were sold up to January 1, 1897, the plaintiff
put in evidence a report made by the defendant to a mercantile agency dated
June 23, 1897, which referred to the fall of 1896 and the spring of 1897, and
stated that the defendant's annual business amounted to $175,000.

The plaintiff also introduced in evidence another report made by the defendant
to a mercantile agency dated January 25, 1897, which contained the statement,
" $105,000 fall bus."

*Held,* that the statements were insufficient to furnish a basis upon which to cal-
culate the plaintiff's commissions.

Where, in such an action, the plaintiff contends that at the expiration of the
written contract on May 11, 1897, the contract was verbally renewed for
another year, the defendant is entitled to ask the plaintiff whether, from May
11, 1897, he "had not been continuously looking for a partner to start in busi-
ness during that entire year," as such conduct on the part of the plaintiff
would be entirely inconsistent with his claim that he had bound himself to
work for the defendant for another year.

APPEAL by the defendant, Harris Bernstein, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office of

the clerk of the county of New York on the 14th day of May, 1902 upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Frederick Wiener*, for the appellant.

*Benno Loewy*, for the respondent.

PATTERSON, J.:

The plaintiff sued to recover upon two causes of action, the first being for commissions to which he claimed to be entitled under a written contract made between him and the defendant, which was to continue for a year, and upon the second he claims commissions under a verbal renewal for another year of the contract and also to be entitled to salary for a few weeks under the renewed contract. That the plaintiff entered into the employment of the defendant under the original contract and that he continued to render service for a whole year is admitted. The defendant denied making an agreement for a renewal of the contract and insisted that at the expiration of the year he retained the plaintiff in his employment at a stipulated salary of $30 a week and nothing further. The written contract provided that the defendant, who was a manufacturer of cloaks and clothing, agreed to employ the plaintiff as a designer from the 11th of May, 1896, to the 11th of May, 1897, at a salary of $30 a week and also to give him two per cent commission on fall and winter goods above the amount of $60,000 which should be sold up to January 1, 1897. On the trial it appeared that the plaintiff was paid the stipulated salary for the first year in full, but he received no commissions. On both causes of action the jury found in favor of the plaintiff and rendered a verdict in the sum of $1,800. From the judgment entered upon that verdict and from an order denying a motion for a new trial the defendant appeals.

On the first cause of action it was incumbent upon the plaintiff to show that he was entitled to two per cent commission on *sales* of fall and winter goods exceeding $60,000, but only on sales made prior to the 1st of January, 1897. In order to make that proof he introduced in evidence, under objection and exception of the defendant, two reports made by the defendant to mercantile agencies in

the city of New York of the condition of his business, his assets and liabilities. One of these statements, made to R. G. Dun & Co., is dated June 23, 1897. Reference is made in it to the fall of 1896 and spring of 1897, and it contains the statement that the annual business amounted to $175,000. It contains nothing upon which a calculation could be made of commissions to which the plaintiff would be entitled upon *sales* of fall and winter goods. The other statement was made to the commercial agency of the Bradstreet Company. It is dated the 25th of January, 1897, and, after giving the general condition of the defendant's financial affairs, it contains the further statement: "No losses from Crediting sales. $105,000 fall bus."

That statement, doubtless, might be availed of as a declaration of the defendant, if it could be construed as a distinct statement that the *sales* of fall and winter goods prior to January 1, 1897, amounted to the sum of $105,000. It, however, refers to the entire business of the defendant for the fall of 1896. All the plaintiff was entitled to was commissions upon *sales* of what were known as fall and winter goods. The defendant's business might well include sales of merchandise for the spring trade of the next year. We are not authorized to assume that every sale made by the defendant in the fall of 1896 was of what were denominated "Fall and Winter goods." We think these statements were insufficient as evidence to furnish a basis upon which to calculate commissions, irrespective of any question of their admissibility as evidence.

As to the second cause of action, it only appears in evidence that the business of the defendant from May, 1897, to May, 1898, was larger in volume than that of the preceding year, and, in the submission of the case to the jury, the learned trial judge remarked that the testimony as to the second year was not explicit, except that the defendant admitted that during the second year he did a larger business than during the first year. The intimation of the court in its charge to the jury is that if they found for the plaintiff for each year, taking $105,000 as a basis, that would be $900 a year, and the verdict being for $1,800, it seems to be quite apparent that the jury made the award of $900 for each year. There is some testimony in the case from which it possibly may be inferred that during the second year the sales of fall and winter goods were $79,000, and if

the contract were renewed for that second year the plaintiff might be entitled to recover commissions upon $19,000 and $30 a week for a few weeks, and that leads to a consideration of the subject of renewal of the contract being submitted to the jury upon proper rulings as to evidence.

There is a great conflict on that subject. The plaintiff and two witnesses called by him testified that at about the time of the expiration of the first contract the defendant called upon the plaintiff at his house and entered into a positive agreement to renew the contract, both as to salary and commissions, for another year. The defendant testified that no such conversation took place; that he did call upon the plaintiff and had a conversation with him, but that it related to another subject than that of employment. He also testified that the two witnesses for the plaintiff referred to were not present at the interview. It is not claimed that there was more than one interview at the plaintiff's house between the plaintiff and the defendant upon this subject. One Katzel, a witness called by the defendant, says he was present. He testified that at that interview no one was present except the plaintiff and his wife and child, Bernstein, and the witness himself. He further testified that after the visit, and in April, 1897, he heard the defendant say to the plaintiff at the store that he could give him no employment except an agreement for thirty dollars a week. The defendant testified that the only arrangement made with the plaintiff for the second year was that he was employed at thirty dollars a week, and that the plaintiff said he was going into business for himself, was looking for a partner and that he declared he would accept the defendant's proposition.

The verdict of the jury would, of course, be conclusive upon the issue as to the renewal of the contract, but there was an error committed by the learned trial judge in rejecting evidence which, had it been allowed, might have affected seriously their conclusion and led to a different result. The plaintiff was asked the following question : " Isn't it a fact that right along from May 11th, 1897, you had been continuously looking for a partner to start in business during that entire year ? " That question was objected to as immaterial and was excluded, and the defendant excepted. That was error. The defendant sought to prove by the plaintiff himself that his conduct

and course of action were such as to show that he had not entered into a binding contract with the defendant for the second year. Such conduct would have been entirely inconsistent with the claim that he had bound himself to work for the defendant for another year. The defendant was entitled to show the attitude in which the plaintiff stood to the defendant and to an alleged contract. (*Mowbray* v. *Gould*, 63 App. Div. 162.)

The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.